IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMA CAREY BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0378-WS-M |
| | ) | |
| STYRKER HOWMEDICA OSTEONICS | ) | |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs. 6, 10-12), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

The complaint contains three numbered paragraphs. (Doc.1, Exhibit C at 2-3). The first paragraph states that the plaintiff "was a recipient" of a knee replacement manufactured by the defendant. The second states that "the prosthesis … was negligent and below the appropriate standard of care." The third states that, "as a proximate result of the negligence of the Defendant," the plaintiff suffered certain damages. The defendant argues that this barebones pleading does not satisfy the requirements imposed by Rule 8(a), as construed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Rule 8 establishes a regime of "notice pleading." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002). It does not, however, eliminate all pleading requirements.

First, the complaint must address the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted). The defendant does not assert that the complaint fails to do so.

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Twombly*, 550 U.S. at 555. There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).

The complaint does not satisfy this standard. The only facts alleged are that the plaintiff received a knee replacement, that the defendant manufactured the prosthesis, and that the plaintiff experienced damages. No facts of any kind are alleged to support the critical allegation that the defendant was negligent. Devoid of factual content, the allegation of negligence is only "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotes omitted).

The plaintiff's brief response focuses on the statute of limitations and attempts to articulate a second cause of action, under the Alabama Extended Manufacturer's Liability Doctrine, which does not appear in the complaint. (Doc. 10). She also mentions a few

facts not contained in the complaint. She does not, however, explain how her actual complaint satisfies Rule 8(a)(2).[1]

The Court notes that the plaintiff is proceeding pro se. All such litigants "shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order." Local Rule 83.9(b). Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005). Likewise, "even in the case of pro se litigants ... a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading in order to sustain an action ...." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

For the reasons set forth above, the defendant's motion to dismiss is **granted**. Because the plaintiff is proceeding pro se, the Court is required to give her "an opportunity to amend the complaint if a more carefully drafted complaint might state a claim." *Taylor v. McSwain*, 335 Fed. Appx 32, 33 (11th Cir. 2009). It appears that a more carefully drafted complaint might state a claim. Accordingly, the plaintiff is given leave to file and serve, on or before **November 2, 2010**, an amended complaint satisfying Rule 8(a)(2), failing which the Court will dismiss her case.

DONE and ORDERED this 18th day of October, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Her unauthorized sur-reply purports to provide evidence that the defendant is in fact the manufacturer of the prosthesis, (Doc. 12), but the defendant's status as manufacturer has already been adequately pleaded.