IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMA CAREY BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0378-WS-M |
| | ) | |
| STYRKER HOWMEDICA OSTEONICS | ) | |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the plaintiff's motion to reconsider. (Doc. 16).[1] The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may

---

[1] The typed style of the case has been marked out, presumably by the plaintiff, and replaced with "Notice of Appeal." However, in the body of the document the plaintiff continues to "pray to the court to reconsider the dismissal" of the action. By definition, reconsideration is performed by the court rendering the decision being reconsidered, not to a higher court. Moreover, the document cannot be considered a notice of appeal, despite its amended style, because it does not contain the information required in order to be considered a notice of appeal.

"The notice of appeal must: (A) specify the party … taking the appeal by naming each one in the caption or body of the notice …; (B) designate the judgment, or order or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). A document may be construed as a notice of appeal only if these requirements are met. *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-79 (11th Cir. 2001); *accord Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006). The plaintiff's filing meets only the first of these requirements. If the plaintiff in the future seeks to appeal, her notice of appeal should cover all three of these requirements.

it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[2]

The defendant moved to dismiss the original complaint on the grounds that it failed to satisfy Rule 8(a)(2) as construed by the Supreme Court. (Doc. 6). The Court agreed. In particular, the Court ruled that the complaint failed to plead any facts supporting the conclusory allegation that the defendant was negligent. (Doc. 13). The Court granted the motion to dismiss but provided the plaintiff an opportunity to correct the pleading defect by filing an amended complaint. (*Id*. at 3). The plaintiff filed an amended complaint alleging that the prosthesis manufactured by the defendant "was failed and meet the life expectancy. It was below standard of care." (Doc. 14). The Court ruled the filing inadequate and accordingly dismissed the action without prejudice. (Doc. 15).

The Court construed the quoted material from the amended complaint as alleging only that the defendant failed to meet the standard of care, an allegation that would not have supplied the necessary factual material supporting an allegation of negligence. On

---

[2]While *Mays* and *Wilchombe* involved a post-judgment motion under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

this basis, the Court dismissed the action.  In her motion to reconsider, however, the plaintiff repeats the allegation of the original complaint that she received the prosthesis in April 2008, and she clarifies that, in or before March 2010, medical personnel determined that the prosthesis had failed.  In light of this information, it is clear that, in her amended complaint, the plaintiff alleged that the defendant's negligence is demonstrated by the failure of its product, which occurred within two years of its placement.

The Court erroneously understood the amended complaint to say one thing when it in fact said something else.  The plaintiff having brought the error to the Court's attention, reconsideration is available to correct the clear error and manifest injustice that otherwise would result.

As set forth in its initial order in this case, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  Rule 8 establishes a regime of "notice pleading."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002).  It does not, however, eliminate all pleading requirements.

First, the complaint must address the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).  The plaintiff has satisfied this requirement.

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Twombly*, 550 U.S. at 555.  There must in addition be a pleading of facts.  Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level …."  *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).

Between the original complaint, the amended complaint, and the motion to reconsider, it is clear that the plaintiff alleges that she received an artificial knee in April 2008; that the defendant manufactured the prosthesis; that the knee failed in less than (perhaps much less than) two years; that the defendant negligently manufactured and/or designed the prosthesis; and that the plaintiff experienced damages as a proximate result of the defendant's negligence. This covers all the elements of an Alabama claim of negligence. It also provides factual material to support the allegation that the defendant was negligent (the only deficiency identified by the defendant in its motion to dismiss). A prosthesis that fails within two years may very plausibly have been negligently made or designed. That other plausible explanations for the failure exist is irrelevant. The plaintiff "need not prove [her] case on the pleadings – [her] Amended Complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim, that" the defendant was negligent. *Speaker v. United States Department of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010).

For the reasons set forth above, the plaintiff's motion to reconsider is **granted**. The Court's order dismissing this action is **superseded**, and the action is **reinstated**. The original complaint and amended complaint, (Docs. 1, 14), shall be construed together as comprising the complaint.

DONE and ORDERED this 13th day of December, 2010.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE