IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| EMMA CAREY BLACKWELL, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION 10-0378-WS-M |
| STRYKER HOWMEDICA OSTEONICS CORP., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's renewed motion to dismiss. (Doc. 35). The plaintiff declined the opportunity to respond, (Doc. 36), the defendant filed an authorized reply, (Doc. 37), and the motion is ripe for resolution.

The pro se plaintiff did not provide initial disclosures and did not respond to written discovery requests. The defendant sought and obtained an order directing the plaintiff to provide initial disclosures, which warned the plaintiff that "[h]er failure to [provide initial disclosures] could result in this action being dismissed for her failure to obey the orders of the Court." (Doc. 27). The defendant also sought and obtained an order directing the plaintiff to respond to the defendant's discovery requests, "or this action, upon motion of Defendant, could be dismissed for her failure to prosecute and obey the orders of this Court." (Doc. 30). These orders were entered on April 18 and May 4, 2011. The plaintiff has not provided disclosures or responses as ordered by the Magistrate Judge.

Indeed, since submission of the Rule 26(f) report on February 18, the plaintiff has been perfectly silent. She did not respond in any fashion to: (1) the defendant's letter requesting that initial disclosures be provided; (2) the defendant's motion to compel such disclosures; (3) the defendant's written discovery requests; (4) the defendant's letter

[1]

requesting that discovery responses be provided; (5) the defendant's motion to compel such responses; (6) the Magistrate Judge's order to provide initial disclosures; (7) the Magistrate Judge's order to provide discovery responses; (8) the defendant's initial motion to dismiss; or (9) the pending motion to dismiss.

"If a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders[, which] may include … dismissing the action or proceeding in whole or in part …." Fed. R. Civ. P. 37(b)(2)(A)(v). "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The defendant invokes both rules, specifically seeking dismissal with prejudice. (Doc. 35 at 5, 7). The plaintiff, as noted, has elected not to contest the motion.

Dismissal with prejudice under Rule 37(b) "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). In contrast, "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). In most cases, there must also be a judicial explanation why lesser sanctions would not suffice. *Phipps*, 8 F.3d at 791; *Malautea*, 987 F.2d at 1542.

Similarly, "[t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The severe sanction of dismissal with prejudice ... can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotes omitted).

Dismissal with prejudice is appropriate under this standard. The plaintiff has not accidentally failed to comply with multiple discovery orders but has obstinately elected to

ignore all communications from both the Court and the defendant for a period now extending over several months. She cannot, by the mere expedient of remaining silent, prevent a finding that her disregard of pellucid discovery orders is due to negligence or misunderstanding. *Cf. Malautea*, 987 F.2d at 1543 ("Neither defendant asked Judge Edenfield to clarify the orders, as a genuinely confused litigant, twice-threatened with the sanction of a default judgment, would have done."); *Shortz v. City of Tuskegee*, 352 Fed. Appx. 355, 359-60 (11th Cir. 2009) ("Because Shortz failed to enunciate any compelling reason for failing to comply with the court's repeated orders to respond to the defendants' discovery requests [and also failed to respond to a show cause order before the motion to compel was granted], the district court correctly found that Shortz's failure to comply was a result of willfulness or bad faith."). The Court finds that the plaintiff's failure to provide initial disclosures and discovery responses after being ordered to do so results from willfulness, bad faith and/or contempt within the contemplation of Rules 37(b) and 41(b).

The Court further finds that no sanction short of dismissal with prejudice would suffice to address the plaintiff's conduct. Although lesser sanctions have not been tried, the plaintiff has made clear that she would not modify her behavior with a lighter touch. She has already been explicitly warned – twice – that her failure to provide disclosures and responses exposes her lawsuit to dismissal, yet she chooses to continue her recalcitrance. A litigant unimpressed by dismissal is unlikely to be swayed by lesser sanction. *Cf. Shortz*, 352 Fed. Appx. at 359-60 (where the plaintiff was twice warned that failure to produce the requested discovery could result in dismissal of his case, that he offered no explanation for his prolonged non-compliance with discovery orders "leads to the conclusion that further sanctions would not have successfully compelled production").

For the reasons set forth above, the defendant's motion to dismiss is **granted**. This action is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 12th day of July, 2011.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE